# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Case No. 3:12-cv-00747-MR
## [Criminal Case No. 3:09-cr-00060-MR-1]

| | |
|---|---|
| RICARDO JAVIER ARELLANO, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]; the Government's Answer to Petitioner's Motion to Vacate [Doc. 6]; the Government's Motion to Dismiss [Doc. 7]; and Petitioner's "Motion Requesting Discovery" [Doc. 9]. For the reasons that follow, Petitioner's motion for discovery will be denied, and his § 2255 motion will be granted in part and denied in part.

## I. BACKGROUND

### A. Offense Conduct

On December 1, 2008, Petitioner robbed the First Citizens Bank located on 424 Indian Trail Road in Indian Trail, North Carolina. Prior to

committing this robbery, Petitioner conducted surveillance of the bank to gain an understanding of the routines of the bank employees as they arrived for work. Petitioner also conducted surveillance of one particular bank employee at her home. On December 1, 2008, Petitioner drove to that employee's home on the morning of December 1st and waited for her husband to leave for work. After her husband was gone, Petitioner forced his way into the back door and bound the bank employee and her two children with duct tape. Petitioner then forced the bank employee into her car and drove her to First Citizens Bank, threatening to kill her children if she did not cooperate. After forcing the kidnapped employee to open the bank and disable the alarm, Petitioner had to wait for another employee to arrive as it required two employees to access the vault. In order to conceal his identity, Petitioner covered the surveillance equipment with black duct tape. Once another employee arrived, Petitioner brandished a firearm and ordered the bank employees to open the vault. Petitioner retrieved cash from the vault and then drove the kidnapped bank employee back to her home where he dropped her off and then abandoned her vehicle. The bank reported a

loss of $25,374 from the robbery. [Criminal Case No. 3:09-cr-00060 ("CR"), Doc. 38: Presentence Report ("PSR") at ¶ 6].[1]

On January 14, 2009, Petitioner concealed himself near the entrance to the Truliant Federal Credit Union located at 9524 Monroe Road in Charlotte, and waited for employees to arrive for work. Petitioner forced one of the employees into the bank as she attempted to open the door. Petitioner displayed what appeared to be a gun and secured the female employee and another employee that was already in the bank with duct tape. Before Petitioner could place tape over the video surveillance equipment an accomplice, later identified as Johnny Arroba, entered the bank. Petitioner and Arroba then covered the surveillance equipment with duct tape and forced the tellers to access the vault where they began taking cash from the teller drawers. After hearing a knock on the front door of the credit union, Petitioner and Arroba exited the back door of the bank and drove away in a sport utility vehicle. The credit union reported a loss of $22,223.59 from the robbery. [Id. at ¶ 7].

On February 24, 2009, Petitioner approached a Bank of America branch located at 2823 South Boulevard in Charlotte. Petitioner knocked on

---

[1] The factual summary presented herein is drawn from the Presentence Report which Petitioner stipulated would serve as the factual basis for his guilty plea. [CR Doc. 55: Sentencing Tr. at 6-7].

the glass, presented what appeared to be a Bank of America identification card, and informed the manager, using Bank of America terminology, that he was there for business purposes. The female manager unlocked the front door in an effort to identify Petitioner and then withdrew into the bank and attempted to relock the front door. Petitioner, however, forced his way into the bank and engaged in a physical altercation with the manager. The altercation abruptly ended after Petitioner displayed what appeared to be a handgun. The female manager was then bound with duct tape and Petitioner covered the surveillance cameras with tape. Petitioner later confronted three employees just as they arrived for work and likewise bound them with duct tape.[2] Petitioner then forced employees with access to the vault to open it and Petitioner gathered the cash that was contained in the vault. The bank reported a loss from the robbery in the amount of $100,669.00. [Id. at ¶ 8].

Petitioner was arrested on February 27, 2009. After waiving his Miranda rights, he confessed to committing the Bank of America robbery three days earlier on South Boulevard and acknowledged displaying a fake gun during the robbery. A search warrant was executed at Petitioner's

---

[2] As was discovered later, Petitioner failed to cover one of the surveillance cameras and this camera captured clear images of Petitioner. The day after the robbery, photographs from the surveillance camera were shown to Bank of America employees at another branch and employees were able to identify Petitioner as a former Bank of America employee who had been terminated in September 2008. [Id. at ¶ 8].

4

residence and cash was recovered which was consistent with the loss reported by Bank of America. During this same interview, Petitioner confessed to committing the December 1st robbery of the First Citizens Bank on Indian Trail Road. He further admitted that he had carried out surveillance prior to the robbery and, in particular, that he conducted surveillance at the bank employee's home in preparation for the robbery.

On April 22, 2009, the Grand Jury in this District returned a Superseding Bill of Indictment charging Petitioner with ten counts relating to the three bank robberies. [CR Doc. 19: Superseding Bill of Indictment]. Specifically, Petitioner was charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); three counts of the use of a firearm during a bank robbery, in violation of 18 U.S.C. § 2113(d); one count of forcing another to accompany him during a bank robbery, in violation of 18 U.S.C. § 2113(e); and three counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). [Id.].

### B. Plea Agreement and Guilty Plea

On July 24, 2009, Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to two counts relating to the robbery of the First Citizens Bank (Counts Two and Three, charging § 2113(d) & (e), respectively), one count relating to the attempted robbery of

Trulient Federal Credit Union (Count Six, charging § 2113(d)), and one count relating to the robbery of Bank of America (Count Nine, charging § 2113(d)). [CR Doc. 24: Plea Agreement]. In exchange for Petitioner pleading guilty to these counts, the Government agreed to dismiss the remaining counts. [Id.]. As part of the agreement, Petitioner waived his right to contest his conviction or sentence on appeal or in a post-conviction proceedings, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 20].

On July 29, 2009, Petitioner appeared before U.S. Magistrate Judge David S. Cayer for his Plea and Rule 11 hearing. After being placed under oath, Petitioner affirmed that he understood the charges to which he was pleading guilty; that he understood the maximum penalties he faced upon conviction; that he was pleading guilty because he was in fact guilty of the charged offenses; that his decision to plead guilty was not the product of any coercion, threats, or promises other than those agreements which were set forth in the plea agreement; that he consented to the terms of the plea agreement; that he was entirely satisfied with the services of his attorney; and that he had sufficient to time to discuss any possible defenses to the charges to which he was pleading guilty. The Court's questions during the Rule 11 hearing, along with Petitioner's answers to them, were recorded and presented to Petitioner in writing to review. Petitioner agreed with the

accuracy of the recorded answers and he signed the Acceptance and Entry of Guilty Plea form. After finding that Petitioner's decision to plead guilty was knowing and voluntary, the Court accepted Petitioner's plea of guilty. [CR Doc. 26: Acceptance and Entry of Guilty Plea; CR Doc. 54: Tr. of Rule 11 Hearing].

**C.    Sentencing**

On April 7, 2010, Petitioner appeared for his sentencing hearing. Petitioner re-affirmed the answers he gave at the Rule 11 hearing, and this Court affirmed the Magistrate Judge's previous finding that Petitioner's guilty plea was knowingly and voluntarily entered and therefore accepted Petitioner's guilty plea. [CR Doc. 55: Sentencing Tr. at 3-7]. The Court imposed concurrent 108-month sentences for Counts Six and Nine. The Court then imposed concurrent terms of 300-months' imprisonment for Counts Two and Three, which were to run consecutively to the 108-month sentences. [Id. at 38]. The Court entered the Judgment on April 28, 2010. [CR Doc. 45: Judgment in a Criminal Case].

**D.    Appeal**

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit on April 29, 2010. Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that her

7

review of the recorded yielded no meritorious issues for appeal, but counsel questioned the reasonableness of Petitioner's sentence.[3] The Court rejected counsel's argument and affirmed Petitioner's sentence. See United States v. Arellano, 436 F. App'x 152 (4th Cir. 2011) (unpublished). In so holding, the Court of Appeals specifically found that this Court did not abuse its discretion in determining that the facts surrounding Petitioner's crimes made this case exceptional, thereby warranting an above-guidelines sentence. Id. at 154. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 7, 2011. Arellano v. United States, 132 S. Ct. 560 (2011).

On November 6, 2012, Petitioner filed the present motion to vacate. [Doc. 1]. By way of a separate motion, Petitioner moves for leave to conduct discovery regarding his claims. [Doc. 9].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court

---

[3] Petitioner was informed that he could submit a supplemental *pro se* brief but he declined to do so.

has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  **DISCUSSION**

Petitioner raises three claims of ineffective assistance of counsel and one claim of prosecutorial misconduct in this collateral proceeding. In his first ground, Petitioner alleges that his trial counsel rendered ineffective assistance by failing to object to Petitioner being sentenced on multiplicitous counts and by failing to argue that he was sentenced above the maximum-allowed sentence of 135 months. In his second ground, Petitioner alleges prosecutorial misconduct arising from counsel for the Government presenting him with a plea agreement that led to him pleading guilty to multiplicitous counts. In his third ground, Petitioner alleges that his appellate counsel failed to raise several meritorious claims on direct appeal. The Court will address each of these claims in turn.

  A.  **Ineffective Assistance of Counsel Claims**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that:

(1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because

Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

### 1. Failure to Object to Multiplicitous Counts

In his first claim for relief, Petitioner contends that his counsel erred in failing to object on Double Jeopardy grounds to his prosecution on Counts Two and Three, which he contends were multiplicitous charges. [Doc. 1 at 4].

"Multiplicity involves 'charging a single offense in more than one count in an indictment.'" United States v. Colton, 231 F.3d 890, 908 (4th Cir. 2000) (quoting United States v. Mancuso, 42 F.3d 836, 847 n.11 (4th Cir. 1994) (internal quotation marks omitted). "The multiplicity doctrine finds its roots in the Fifth Amendment's Due Process Clause, which 'assur[es] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" Id. (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). "[R]eversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments." United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal citation

omitted). In the event a "defendant has suffered multiple convictions and faces multiple sentences, the appropriate remedy is to vacate all of them but one." Id. (citing Ball v. United States, 470 U.S. 856, 864-65 (1985)).

Count Two charged Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a) and armed bank robbery by assaulting or putting in jeopardy the life of a person during the course of the robbery by the use of a dangerous weapon as prohibited by § 2113(d). Count Three also charged bank robbery under § 2113(a) and § 2113(d), but it further charged Petitioner with violating § 2113(e), which provides that in committing the offense of armed bank robbery, if a person forces a person to accompany him without the consent of such person in an effort to escape, he shall be subject to no less than 10-years' imprisonment. [CR Doc. 19: Superseding Indictment at 2].

The Fourth Circuit has found that § 2113(d) is a lesser included offense of § 2113(e) because "[a]ll of the elements required under § 2113(d) are elements under § 2113(e)." United States v. Whitfield, 695 F.3d 288, 304 (4th Cir. 2012) (quoting United States v. Turner, 389 F.3d 111, 121 (4th Cir. 2004)) (internal citation omitted).

The Government agrees that Petitioner has set forth a meritorious claim of ineffective assistance of counsel in his first claim because counsel's

failure to object to the multiplicitous counts may have led to multiple felony convictions and multiple sentences.[4] Notwithstanding that Petitioner was sentenced to concurrent terms of 300-months in prison on Counts Two and Three, Petitioner still stands convicted of a crime which is a lesser included offense of § 2113(e). In actuality, the conviction on Count Two, if not dismissed prior to his guilty plea or conviction, should have merged into Count Three such that Petitioner sustained a conviction only on Count Three. The Court finds that Petitioner has met his burden under Strickland because he has demonstrated both deficient performance and prejudice because he sustained a conviction and sentence for an offense for which he should not have been convicted when considering he was also charged and convicted on Count Three.

The Government contends that the proper remedy in this instance is to enter an amended judgment which vacates Count Two and sustains the more serious Count-Three conviction. [Doc. 6: Government's Answer at 9].

---

[4] The Government concedes that Petitioner's guilty plea does not preclude his present challenge as he has presented an actionable constitutional claim because the superseding indictment is multiplicitous on its face. [See id. (citing United States v. Poole, 96 F. App'x 898-89 (4th 2004) (unpublished) (finding that guilty plea does not foreclose constitutional challenge on Double Jeopardy grounds) (citing Menna v. New York, 423 U.S. 61, 63 (1975); United States v. Broce, 488 U.S. 563, 575 (1989))].

The Court concurs in this assessment, as this is consistent with the precedents in Ball, 470 U.S. at 864-65, and Burns, 990 F.2d at 1438.

In sum, the Court concludes that Counts Two (§ 2113(d)) and Three (§ 2113(e)) are multiplicitous and that failure to raise a challenge on these grounds was ineffective assistance of counsel. Accordingly, the Court shall vacate Petitioner's conviction and sentence as to Count Two. All other terms and conditions of the original Judgment, including Petitioner's conviction and 300-month sentence for Count Three, shall remain unaffected by this ruling.

### 2. Failure to Object to Sentence in Excess of Statutory Maximum

Although not presented in his § 2255 motion, Petitioner argues in his supporting memorandum that his trial counsel was ineffective in failing to challenge his 408-month sentence because this sentence was in excess of the 135-month "maximum" term to which he believes he was subjected. [Doc. 1-1 at 11].

Petitioner's argument is premised on the erroneous assumption that the statutory maximum for his offenses of conviction was 135 months, which appears to be the upper end of his advisory Guideline range. As Petitioner's plea agreement stated, however, and as Petitioner acknowledged at his Rule 11 hearing, Petitioner faced a statutory maximum of twenty-five years in prison on Counts Two, Six and Nine, and a maximum sentence of life

imprisonment on Count Three. [CR Doc. 24: Plea Agreement at ¶ 4; CR Doc. 54: Rule 11 Tr. at 3-4]. The sentences Petitioner received were not in excess of these statutory maximums. Therefore, counsel was not ineffective for failing to raise this unmeritorious argument. Accordingly, this claim of ineffective assistance of counsel must fail.

### 3. Ineffective Assistance by Appellate Counsel

In this claim for relief, Petitioner contends that his appellate counsel was ineffective because she failed to raise "several constitutional violations that took place during the process of his sentencing [ph]ase." [Doc. 1-1at 18]. The only allegedly missed issue identified by Petitioner, however, is that he was "illegally sentenced to an excessive sentence." [Id.]. To the extent this relates to the same claim raised with respect to his trial counsel, this claim is without merit, as Petitioner was sentenced within the statutory maximum for each of his offenses of conviction. Moreover, Petitioner's counsel did challenge the substantive reasonableness of his sentence on direct appeal, and the Fourth Circuit rejected that argument. Accordingly, this claim is also without merit and is therefore dismissed.

### B. Prosecutorial Misconduct (Ground Two)

Petitioner further contends that the prosecutor committed constitutional error by offering him a plea agreement which included

15

multiplicitous counts and led to concurrent terms of 300-months' imprisonment on Counts Two and Three. [Doc. 1 at 5; Doc. 1-1 at 14]. Because the Court herein vacates Petitioner's conviction and sentence as to Count Two, Petitioner's claim of prosecutorial misconduct is rendered moot and therefore the Court need not address it further.

### C. Petitioner's Motion for Discovery

Petitioner seeks leave to conduct discovery with respect to his claims. Petitioner, however, has failed to demonstrate good cause to invoke the discovery process. See Rules Governing 2255 Cases, Rule 6(a). Accordingly, the Petitioner's request for discovery is denied.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's second and third counts of conviction (Counts Two and Three, respectively) are multiplicitous and that counsel's failure to raise a challenge on these grounds constituted ineffective assistance. Accordingly, the Court will grant Petitioner's motion to vacate in part and enter an amended judgment vacating Petitioner's conviction and sentence as to Count Two while simultaneously affirming Petitioner's convictions and sentences as to Counts Three, Six, and Nine, as well as the sentences pronounced thereon. Because the sentence for Count Two was concurrent with the sentence for

Count Three, the total 408-month term of imprisonment shall remain undisturbed. The remaining claims asserted by Petitioner are denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as to the dismissed claims as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss [Doc. 7] is **GRANTED**, and the Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** and **DENIED IN PART**;

2. Petitioner's sentence and conviction with respect to Count Two is hereby **VACATED** [Criminal Case No. 3:09-cr-00060-MR, Doc. 45: Judgment], and except as so granted, the Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**. Petitioner's sentences as to Counts Three, Six, and Nine shall remain undisturbed;

3. Petitioner's Motion for Discovery [Doc. 9] is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is directed to prepare an Amended Judgment for the Court's review which is consistent with this Order.

**IT IS SO ORDERED.**

Signed: June 11, 2015

Martin Reidinger
United States District Judge